IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TERRY MICHAEL MILLER | § | |
| | § | |
| V. | § | A-11-CA-867 LY |
| | § | (A-06-CR-125 LY) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are: Terry Michael Miller's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Clerk's Doc. No. 139); the Government's Response (Clerk's Doc. No. 142); and Petitioner's Response to Government's Response (Clerk's Doc. No. 143). After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Magistrate Court now issues the following Report and Recommendation to the District Court.

## I. BACKGROUND

On May 1, 2007, Movant Terry Michael Miller ("Miller"), was charged in a two-count superseding indictment with knowingly, and by means and use of a dangerous weapon, a vehicle, forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Special Deputy United States Marshal Kevin Rybarski, while he was engaged in his official duties, in violation of

18 U.S.C. § 111(a) and (b) (Count One); and knowingly, and by means and use of a dangerous weapon, a vehicle, forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Special Deputy United States Marshal Darren Sartin while he was engaged in his official duties, in violation of 18 U.S.C. § 111(a) and (b) (Count Two).

After a jury trial, held January 15, 2008, through January 17, 2008, Miller was found guilty on both counts alleged in the superseding indictment. On April 4, 2008, the District Court sentenced Miller to a 240-month term of imprisonment on each count, to be served concurrently with each other, except that 60-months of the sentence on Count Two was ordered to be served consecutively to count one to the extent necessary to produce a total imprisonment term of 300 months. The court further imposed a three-year term of supervised release, and ordered that Miller pay a $200 mandatory assessment fee, and make restitution in the amount of $3,000. On April 17, 2008, Miller, through counsel, timely filed his notice of appeal.

On August 21, 2009, the Fifth Circuit Court of Appeals issued an order affirming in part and vacating in part the District Court judgment, and remanding the case to the District Court for further proceedings. Miller's case was remanded because he received two separate convictions and sentences for a single act of attempting to run over the law enforcement officers. *United States v. Miller*, No. 08-50409, (5th Cir. July 21, 2009). On October 21, 2009, the District Court re-sentenced Miller to a 240-month term of imprisonment, followed by a three-year term of supervised release, and ordered that Miller make restitution in the amount of $3,000, pay a fine in the amount of $25,000 and a $100 mandatory assessment fee. On October 27, 2009, Miller's attorney filed a Motion to Correct Sentence pursuant to FED.R.CRIM.P. 35(a) petitioning the District Court to strike the $25,000 fine it imposed when it resentenced Miller because the fine was not within the Fifth Circuit's

2

Mandate on Remand. On October 30, 2009, the District Court denied Miller's Motion to Correct Sentence, and Miller appealed.

On September 3, 2010, the Fifth Circuit Court of Appeals affirmed in part and vacated in part the District Court's judgment. Specifically, the Fifth Circuit vacated the District Court's imposition of the $25,000 fine, but affirmed Miller's sentence and conviction in all other respects. *See United States v. Miller*, No. 09-50981, slip op. (5th Cir. August 16, 2010).

On October 3, 2011, Miller filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which the Court now addresses.

## II. ANALYSIS

Miller asserts the following grounds for habeas relief: (1) that his counsel was ineffective for failing to challenge the issue of "causation" because he was shot in the face before he attempted to run over the officers; (2) that his appellate counsel was ineffective for failing to argue that the District Court erred and violated his constitutional right to present a defense when photographic evidence of Miller's injuries was excluded by the trial court; (3) that trial counsel was ineffective for failing to object to the Court's use of a United States Marshal who was present at the shooting as a juror deputy; (4) that he was convicted on the perjured testimony of witness DeWayne Clopton who lied when he stated that Miller told him he would "not be taken alive."

### A.  **Ineffective Assistance of Counsel Claims**

Miller asserts that his counsel was ineffective during trial and on appeal. Ineffective assistance of counsel claims may generally be heard under a section 2255 motion. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). However, to prevail on a claim of ineffective assistance of counsel, Miller must prove that (1) his counsel's actions fell below an objective standard of

reasonableness and (2) his counsel's ineffective assistance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The first prong of the *Strickland* analysis requires a showing by Miller that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In evaluating counsel's performance, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689. Miller may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." *Id.* at 690.

Under the second prong of the *Strickland* test, Miller must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different.*"* *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To satisfy the prejudicial prong of the *Strickland* test, Miller must establish that he would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004). If Miller fails to establish either prong of the *Strickland* test, then his claim of ineffective assistance of counsel must fail.

    **1.**    **Counsel At Trial**

        **a.**    **Failure to Argue Proximate Cause**

Miller alleges that his attorney was ineffective at trial because he failed to argue the issue of causation with regard to the injuries associated with the case. Miller argues that because he was shot in the face, that act superceded the cause of the injuries to the two Marshals, and therefore his acts

were not the proximate cause of his victims' injuries. Miller notes that his attorney "challenged the intent of Mr. Miller," but argues that any criminal statute requiring specific intent also requires proximate cause. Under 18 U.S.C. § 111(a)(1), it is a federal crime when a person "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties." There is an enhanced penalty under § 111(b), when a deadly or dangerous weapon is used.

In this case, the jury charge required that the jury find that the Government prove each of the following beyond a reasonable doubt as to both counts: first, that Miller forcibly assaulted each United States Marshal; second, that each Marshal was a federal officer engaged in the performance of his official duties; third, that Miller acted intentionally; and fourth, that in acting, Miller used a deadly or dangerous weapon or inflicted bodily injury. Jury Instructions (Clerk's Doc. No. 66) at p. 13. The Jury Instructions define "forcible assault" as "any intentional attempt or threat to inflict injury upon someone else, when coupled with present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate bodily harm, whether or not the threat or attempt is actually carried out or the victim is injured." *Id.*

Miller's argument is that his attorney was ineffective because the attorney failed to argue that Miller could not have caused the Marshals' injuries because he was shot in the face and unconscious at the time he drove into them. "Proximate cause" is defined as "a cause legally sufficient to result in liability." BLACK'S LAW DICTIONARY 250 (9th ed. 2009). A "superceding cause" is defined as "an event that comes between the initial event in a sequence and the end result, thereby altering the natural course of events that might have connected a wrongful act to an injury." *Id.* The concept of proximate cause is inapplicable in the instant case. First, the statute does not require that Miller

5

actually injured his victims in order to be found guilty, thus rendering any causation theory a nullity. Second, the trial record shows that Miller did not injure the Marshals. Any argument regarding a superceding or intervening cause would have no application. Additionally, the Court can find no case where another court has applied a proximate cause standard to a defendant indicted pursuant to 18 U.S.C. § 111(a) and (b). Miller's counsel's performance was not objectively unreasonable for failing to press this frivolous point and thus cannot be found deficient for failing to make this argument.

Additionally, Miller cannot show prejudice. Since 18 U.S.C. § 111(a) and (b) do not actually require that the victims be injured, only that there is a threat to inflict such an injury and the intent to do so, Miller cannot argue that any superceding cause argument would have changed the outcome of his case. Miller concedes that his trial attorney argued the issue of intent and the jury still found him guilty. Furthermore, the evidence presented at trial shows that Miller attempted to evade arrest by driving away from the officers before he was shot. Transcript at p. 132. Whether or not he was shot in the face and knocked unconscious after he attempted to drive away would not have qualified as a "superceding cause" sufficient to nullify Miller's intent. Miller cannot show the prejudice required by *Strickland*.

### b. Failure to Object to United States Marshal as Jury Deputy at Trial

Miller next argues that his trial counsel was ineffective because he failed to object to the use of a Deputy United States Marshal, who Miller contends was present the day he was arrested, as a juror deputy at his trail. Miller asserts he pointed this out to his counsel who told him it was not a problem. Miller asserts that the use of a Deputy United States Marshal to supervise his jury violated his Due Process rights.

Conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal habeas relief. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)), cert. denied, 531 U.S. 849 (2000). In this case, Miller alleges that he informed his counsel that a Deputy United States Marshal, who he believed was supervising the jury, was also present the day the events for which he was indicted occurred. Even assuming that the District Court employed a Deputy United States Marshal as a jury deputy, which is not the common practice of this Court,[1] Miller has failed to show prejudice because he has not alleged how this fact changed the ultimate outcome of his trial. Miller has failed to establish prejudice and this claim fails.

**B. Appellate Counsel's Failure to Argue that the Exclusion of Photographic Evidence Denied Miller His Constitutional Right to Present a Defense**

Miller claims that his Constitutional right to present a compete defense was abridged by the District Court's refusal to permit the introduction of photographs of his injuries, and that appellate counsel was ineffective for not making this Constitutional argument on appeal.

"[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.*" United States v. Scheffer*, 523 U.S. 303, 329 n. 16 (1998) (Stevens, J., dissenting) (quotation marks and citations omitted). It, however, does not grant the defendant a right to present evidence that is cumulative, confusing, harassing, prejudicial, or only marginally relevant. *See Kittelson v. Dretke*, 426 F.3d 306, 319 (5th Cir. 2005); *see also United States v. Mizell*, 88 F.3d 288, 294 (5th Cir. 1996) (noting that a defendants right to call witnesses "is limited and must be

---

[1]The District Court retains Court Security Officers, who are independent contractors, to supervise juries. Court Security Officers do not work out in the field and thus it is unlikely that a Court Security Officer was present on the date Miller was arrested.

weighed against the . . . 'interest in the fair and efficient administration of justice[ ] and the potential prejudice to the truth-determining function of the trial process.'") (quoting *Taylor v. Illinois*, 484 U.S. 400, 414-15 (1988)).

On appeal, counsel argued that the District Court erred in excluding the photographs of Miller's injuries because the photographs would have shown that he was unconscious at the relevant time and could not have formed the requisite intent to injure the victims. The Fifth Circuit found that the evidence was not relevant, as Miller could have formed the requisite intent prior to sustaining the injuries. Additionally, the Fifth Circuit found that there was "ample testimony concerning the severity of Miller's injuries . . . the jury was made amply aware that as he accelerated toward the officers, Miller was shot in the face and lost control of his vehicle." Exhibit A to the Government's Response.

The constitutional right to present a defense is not abridged unless the evidence was so material that it deprived the defendant of a fair trial. *Allen v. Howes*, 599 F.Supp.2d 857, 872 (E.D. Mich. 2009). In this case, evidence about Miller's gunshot injuries and the timing of the shooting was presented to the jury. The Supreme Court has also held that "a defendant's right to present *relevant* evidence is not unlimited, but rather is subject to reasonable restrictions." *U.S. v. Sheffer*, 523 U.S. 303, 308, (1998)(emphasis added). In its opinion on Miller's first appeal, the Fifth Circuit found the photographic evidence was not relevant to Miller's defense. To the extent that Miller faults his appellate attorney for failing to raise a "complete defense" argument, appellate counsel is not required to press every non-frivolous argument which a criminal defendant wants raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 751, (1983). Instead, counsel must raise and brief those issues believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th

Cir. 2003); *United States v. Williamson*, 183 F.3d 458, 462–63 (5th Cir. 1999). To prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Because the Fifth Circuit found that the excluded photographic evidence was not relevant, Miller cannot show that counsel's failure to make the "complete defense" argument fell below an objective standard of reasonableness. Additionally, the failure to present this argument did not prejudice Miller and did not undermine the reliability of the result of the appeal. *Styron v. Johnson*, 262 F.3d 438, 449 (5th Cir. 2001).

  C.  **Conviction Based Upon Perjured Testimony**

  Miller's final argument is that he was convicted based upon the perjured testimony of government witness DeWayne Clompton. Miller asserts that Clompton perjured himself at trial stating that Miller told Compton that Miller "would not be taken alive." Habeas Petition at p. 9. Miller asserts that Clompton committed perjury because he was threatened with a parole violation by Texas Ranger Rocky Warlow. Miller asserts that if not for Clompton's testimony, the jury would not have found Miller possessed the requisite intent for the offense.[2]

  First, a petition under § 2255 "may not do service for an appeal," and it is presumed that a defendant stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc), citing *United States v. Frady*, 456 U.S. 152, 164 (1982). Therefore a defendant may

---

[2]Miller does not mention any ineffective assistance of counsel in the body of this claim, although he gives the reason for not bringing the claim on direct appeal as "ineffective assistance of counsel claims are properly brought pursuant to 28 U.S.C. § 2255." Miller does not identify how his counsel was ineffective relevant to his perjury claim. Although the Court liberally construes pro se pleadings, in this case, the Court cannot discern for Miller how his counsel might have been deficient merely because he believes some testimony—testimony corroborated by other witnesses at trial—was perjurous.

not raise even constitutional or jurisdictional issues for the first time on collateral appeal without establishing both cause for failing to raise the issue on direct appeal and actual prejudice resulting from the failure. *Id.* A defendant must meet this cause-and-prejudice standard even where he alleges a fundamental constitutional error. *Id.*, citing *Murray v. Carrier*, 477 U.S. 478, 493 (1986). In this case, Miller has failed to identify cause or prejudice for his failure to raise this claim in either of his previous two appeals. Therefore, he cannot bring it now.

### III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Terry Michael Miller's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Clerk's Doc. No. 139) **WITH PREJUDICE.**

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.*

"When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2012.

*[signature]*

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE